1  VINCENT D. HOWARD, State Bar No. 232478
   vhoward@howardnassiri.com
2  DAMIAN J. NASSIRI, State Bar No. 231667
   dnassiri@howardnassiri.com
3  **HOWARD | NASSIRI, LLP**
   1600 South Douglass Road, First Floor
4  Anaheim, CA 92806
   (800) 872-5925 Telephone
5  (888) 533-7310 Facsimile
   www.HOWARDNASSIRI.com

6

FILED
2008 JUL 17 AM 10: 44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

'08 CV 1282 JLS LSP

7  Attorneys for Plaintiff, CLIFFORD HOWELL AND ELENA HOWELL

8
9            **UNITED STATES DISTRICT COURT**

             **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  **CLIFFORD HOWELL AND ELENA HOWELL,** | CASE NO. _____ |
| 12 | **COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL** |
| 13            Plaintiff, | |
| 14     v. | 1. **TRUTH IN LENDING ACT VIOLATIONS –RIGHT TO CANCEL** |
| 15  **CHASE HOME FINANCE LLC, U.S. BANCORP, AND DOES 1-10,** | 2. **REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS** |
| 16 | |
| 17            **Defendants.** | 3. **VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200** |
| 18 | 4. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| 21 | 5. **NEGLIGENCE** |

23

24        **COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF**

25            **AND DEMAND FOR JURY TRIAL**

26                        **I.**

27                  **INTRODUCTION**

28  1. This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C.
   §1601, et seq., Bus. & Prof. Code § 17200, et seq., and other statutory and

ORIGINAL

common law in effect. Plaintiffs CLIFFORD HOWELL AND ELENA HOWELL ("HOWELL" or "Plaintiff"), brings this action against CHASE HOME FINANCE LLC ("CHASE"); U.S. BANCORP and DOES 1-10 (collectively "Defendants"), based, in part, on Defendant CHASE and U.S. BANCORP's failure to rescind Plaintiff's loan on the basis that plaintiff was not provided with accurate material disclosures for the subject loan transaction. Defendant CHASE and/or U.S. BANCORP ("US BANCORP") currently has a trustee sale set for July 23, 2008 on the Plaintiff's property, which is the subject of this complaint. (See Exhibit "A", Notice of Trustee Sale) This action is filed concurrently with an *ex parte* application for temporary restraining order to stop the foreclosure sale.

## II.

## JURISDICTION

2. Subject Matter Jurisdiction is conferred on this Court by *15 U.S.C. § 1640(e)* and *28 U.S.C. §§ 1331, 1337*. The Court has authority to issue a declaratory judgment by virtue of *28 U.S.C. § 2201*.

3. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to *28 U.S.C. § 1367*.

4. This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

5. Venue is proper within this District and Division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the named Defendant because it regularly conducts business in this judicial district.

1

2                                    **III.**

3                                 **PARTIES**

4   6. The Plaintiffs, HOWELL are natural persons, and were at all times relevant,

5       residing at 835 Warmlands Avenue, Vista, CA 92084 (the "Subject Property").

6   7. Defendant CHASE HOME FINANCE LLC ("CHASE"), is and at all times

7       relevant was a Deleware Corporation with a principal place of business in New

8       Jersey, a mailing addresses of: 194 Wood Avenue S Legal Dept 2nd Floor,

9       Iselin, NJ 08830. CHASE is licensed to do business in California and transacts

10      business in San Diego County, California and at all relevant times promoted,

11      distributed, and/or purchased mortgage loans, an example of which is the

12      subject of this Complaint throughout the United States, including San Diego

13      County, California.  CHASE has significant contacts with San Diego County,

14      California, and the activities complained of herein occurred, in whole or in part,

15      in San Diego County, California.  CHASE's registered agent for service of

16      process in the State of California is CT Corporation System, 818 West Seventh

17      St., 818 West Seventh Street, Los Angeles, CA 90017. Plaintiff believes and

18      thereon alleges that at all times relevant hereto, CHASE, in the ordinary course

19      of business, holds and services loans for consumers located nationwide,

20      including California.

21  8. Defendant U.S. BANCORP ("US BANCORP"), is and at all times relevant was

22      a Delaware Corporation with a principal place of business in Minnesota, a

23      mailing addresses of: 800 Nicollet Mall, Minneapolis, MN 55402.  US

24      BANCORP is licensed to do business in California and transacts business in

25      San Diego County, California and at all relevant times promoted, distributed,

26      and/or purchased mortgaage loans, an example of which is the subject of this

27      Complaint throughout the United States, including Orange County, California.

28      US BANCORP is believed to be the parent corporation for US Bank, NA,

1    Trustee for BNC Mortgage Loan Trust 2007-1, which may be the current note

2    holder.    US BANCORP has significant contacts with San Diego County,

3    California, and the activities complained of herein occurred, in whole or in part,

4    in San Diego County, California. US BANCORP's registered agent for service

5    of process in the State of California is CT Corporation System, 818 West

6    Seventh St., 818 West Seventh Street, Los Angeles, CA 90017.    Plaintiffs

7    believe and thereon alleges that at all times relevant hereto, US BANCORP, in

8    the ordinary course of business, holds and services loans for consumers located

9    nationwide, including California.    .

10    9.  Plaintiff believes and thereon alleges that at all times relevant hereto,

11    Defendants CHASE and US BANCORP, in the ordinary course of business,

12    holds and services loans for consumers located in the State of California.

13    10. At all times mentioned herein, Defendants, and each of them, were engaged in

14    the business of promoting, marketing, distributing, selling and/or purchasing

15    loans that are the subject of this Complaint, throughout California, including

16    Orange County, California.

17    11. Plaintiff is informed and believes, and thereon alleges that each and all of the

18    aforementioned Defendants are responsible in some manner, either by act or

19    omission, strict liability, fraud, deceit, fraudulent concealment, negligence,

20    respondeat superior, breach of contract or otherwise, for the occurrences herein

21    alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused

22    by the conduct of Defendants.

23    12. Plaintiff is informed and believes, and thereon alleges, that at all times material

24    hereto and mentioned herein, each of the Defendants (both named and DOE

25    defendants) sued herein were the agent, servant, employer, joint venturer,

26    partner, division, owner, subsidiary, alias, assignee and/or alter- ego of each of

27    the remaining Defendants and were at all times acting within the purpose and

28    scope of such agency, servitude, joint venture, division, ownership, subsidiary,

1    alias, assignment, alter-ego, partnership or employment and with the authority,

2    consent, approval and ratification of each remaining Defendants.

3    13. At all times herein mentioned, each Defendant was the co-conspirator, agent,

4    servant, employee, assignee and/or joint venturer of each of the other Defendants

5    and was acting within the course and scope of said conspiracy, agency,

6    employment, assignment and/or joint venture and with the permission and

7    consent of each of the other Defendants.

8    14. Plaintiff is informed and believes and thereon alleges, that Defendants, and

9    each of them, are, and at all material times relevant to this Complaint, performed

10    the acts alleged herein and/or otherwise conducted business in California.

11    Defendants, and each of them, are corporations or other business entities, form

12    unknown, have, and are doing business in this judicial district.

13    15. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10,

14    inclusive, are securitized trusts, equity funds, collateralized debt obligations

15    (CDO), CDO underwriters, CDO trustees, hedge funds or other entities that

16    acted as additional lenders, loan originators and/or are assignees to the loans

17    which are the subject of this action. Plaintiff will seek leave of Court to replace

18    the fictitious names of these entities with their true names when they are

19    discovered by Plaintiff herein.

20    16. The true names and capacities, whether individual, corporate, associate or

21    otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are

22    unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by

23    such fictitious names. Plaintiff alleges, on information and belief, that each Doe

24    defendant is responsible for the actions herein alleged. Plaintiff will seek leave

25    of Court to amend this Complaint when the names of said Doe defendants have

26    been ascertained.

27    17. Plaintiff is informed and believes, and thereon alleges, that at all times

28    mentioned herein, Defendants, and each of them, including without limitation

1   those Defendants herein sued as DOES, were acting in concert or participation
2   with each other, or were joint participants and collaborators in the acts
3   complained of, and were the agents or employees of the others in doing the acts
4   complained of herein, each and all of them acting within the course and scope of
5   said agency and/or employment by the others, each and all of them acting in
6   concert one with the other and all together.

## IV.
## PRELIMINARY STATEMENT

18. The instant action arises out of residential mortgage loan transactions in which
Defendants failed, among other things, to disclose important material
information in a clear and conspicuous manner to Plaintiff in writing, as required
by law. This action also concerns Defendants' unlawful and unfair business acts
or practices.

19. This Complaint is filed under the Truth in Lending Act, 15 U.S.C. § 1601
(Hereafter "TILA) to enforce the rights of Plaintiffs to rescind a consumer
credit transaction, to void the security interest of Defendant US BANCORP in
the Subject Property, to enjoin Defendant US BANCORP from transferring title
or otherwise transferring any interest in the Subject Property to any third party,
to enjoin Defendant US BANCORP from taking any action to evict Plaintiff
from the Subject Property, and to recover statutory damages, reasonable
attorney's fees and costs by reason of Defendant US BANCORP's violations of
the Truth In Lending Act (Hereafter "TILA"), Regulation Z, 12 C.F.R. § 226
(Hereafter "Regulation Z"), and the Real Estate Settlement Procedures Act
(Hereafter "RESPA").

20. Plaintiff also seeks damages for violations of California Business and
Professions Code § 17200 by Defendant US BANCORP.

## V.

## PRELIMINARY ALLEGATIONS

21. On or about December 19, 2006, Plaintiff entered into a consumer credit transaction (hereafter sometimes referred to as "Loan Transaction ") with BNC Mortgage, Inc. in which the extended consumer credit was subject to a finance charge and which was initially payable to BNC Mortgage, Inc.  The loan with BNC had a loan number of RIV014966 and subsequently assigned to either CHASE or US BANCORP and now has a loan number of 0024092470 with CHASE and plaintiff is unaware of any US BANCORP loan number.

22. BNC and Defendant CHASE and/or US BANCORP, by way of TILA's assignee liability provision, was required to provide Plaintiff certain disclosures pursuant to the TILA, including two (2) properly filled out Notices of Right To Cancel for the subject loan.   Regulation Z mandates the content of the rescission notice.  For both open-end and closed-end credit, the notice must identify the transaction, and must disclose, among other things, the date the rescission period expires in a clear and conspicuous manner.  See Regulation Z §§ 226.15(b), 226.23(b).

23. Defendants violated TILA by failing to provide Plaintiff certain disclosures pursuant to the TILA, including two (2) properly filled out Notices of Right To Cancel for the subject loan.

24. In fact, Plaintiffs were given only one copy of the right to rescind notice in connection with the subject loan.  In addition, the right to rescind notice provided in connection with the subject loan is defective in the date the rescission period expires was left blank (See Notice of Right To Cancel for Subject Loan Transaction, attached and incorporated herein as Exhibit "B"). These violations entitle plaintiffs to rescission of the subject loan.

25. A consumer may exercise the right of rescission against an assignee whenever the consumer would have been able to exercise that right against the original creditor. 15 U.S.C. §1641(c).

26. Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the subject loan.

27. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). The "material disclosures" that must be delivered include accurate disclosure of the date on which the rescission period expires. If the required notice of cancellation are not provided, or if the required "material disclosures" are not delivered, then the right to cancel extends to three years after the date of the loan. 15 U.S.C. § 1635(f).

28. The Truth in Lending Act must be liberally construed in favor of the consumer, and TILA imposes strict liability in a sense that absolute compliance is required and even technical violations will form the basis for liability. 15 U.S.C. § 1601, et seq.

29. A consumer may exercise the right of rescission against an assignee whenever the consumer would have been able to exercise that right against the original creditor. 15 U.S.C. § 1641(c).

30. A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the

1    agent servicing the loan is effective notice on the holder of the mortgage. 12

2    C.F.R. § 226.23(a)(2).

3    31. When a consumer rescinds a transaction, the security interest giving rise to the

4    right of rescission becomes void and the consumer is not liable for any amount,

5    including any finance charge. 15 U.S.C. § 1635(b).

6    32. Within twenty (20) days after the receipt of a consumer's election to cancel the

7    transaction, the creditor must return to the consumer all money or property

8    given, including all interest and finance charges paid, and shall take all action

9    necessary or appropriate to reflect the termination of any security interest

10    created under the transaction. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d).

11    33. By certified letter dated May 30, 2008 (Exhibit "C" attached and incorporated

12    herein by reference), Plaintiff, through his attorney, notified BNC, CHASE and

13    US BANCORP of their election to rescind the subject loan transaction.  In their

14    notice, Plaintiffs offered to make arrangements for tender as might be required

15    under TILA, Section 15 U.S.C. § 1635(b).

16    34. CHASE and US BANCORP both received plaintiff's rescission demand on

17    June 2, 2008. BNC Mortgage received plaintiff's rescission demand on June 5,

18    2008. (See Exhibit "D", Certified mail receipt attached and incorporated herein

19    by reference)

20    35. Despite having received notice of Plaintiffs election to cancel both loan

21    transactions, Defendants have failed to rescind the loan and have failed to take

22    any steps necessary or appropriate to reflect the termination of the security

23    interest created in connection with the subject loans.  The failure to take such

24    steps is a violation of TILA's Section 1635(b) and contrary to that provision's

25    clear edict stating that said security interest is void upon delivery of the notice

26    of the election to cancel.

27    36. In fact, Defendants have failed to even respond to plaintiff's rescission request,

28    have failed to inform plaintiff who is the current note holder, and on

1    information and belief, CHASE, the servicer, has failed to forward the

2    rescission demand to the note holder, which is a further violation of TILA.

3    37. Defendants has indicated that they are proceeding with the foreclosure of the

4    subject property, thus necessitating plaintiff's complaint for injunctive relief

5    from the court, among plaintiff's other claims.

6

7    **FIRST CAUSE OF ACTION FOR TRUTH IN LENDING ACT VIOLATIONS**

8    **AGAINST ALL DEFENDANTS**

9    **(Violations of Truth in Lending Laws, 15 U.S.C. §1601, *et. seq.* – Right To**

10    **Cancel)**

11    38. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

12    39. Plaintiffs have maintained all closing documents received at the signing and

13    have kept the documents securely at their home and will disclose and provide

14    said documents upon request in good faith.

15    40. 15 U.S.C. § 1635(a) as implemented under Regulation Z § 226.23 (b), requires

16    that each borrower receive two (2) copies of the right to cancel notice.

17    41. TILA requires that each right to cancel notice clearly and conspicuously

18    disclose the date the rescission period expires. [15 U.S.C. § 1635(a), 12 C.F.R.

19    § 226.23(b)].

20    42. Plaintiff was provided with only one Right To Cancel Notice for the subject

21    loan transaction (See Right to Cancel Notices, Exhibit "B").

22    43. The Right to Cancel Notice for the subject loan was also defective because it

23    was left blank in that the date the rescission period expires was omitted.

24    44. Because the expiration of Plaintiffs' three day right of rescission was omitted

25    on each of the notices, the notices are defective, which extends Plaintiffs' right

26    of rescission up to three years.

27

28

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Violations under RESPA)

45. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

46. On May 30, 2008, Plaintiffs sent CHASE and US BANCORP a qualified written request (Exhibit "C") under 12 U.S.C. § 2605(e), which requires loan servicers to respond within twenty (20) days, excluding weekends and legal public holidays.

47. CHASE and US BANCORP did not respond within the twenty (20) days as required by RESPA.

48. Plaintiffs' qualified written request under 12 U.S.C. § 2605(e) also triggers a requirement under RESPA that the loan servicer make appropriate corrections to the account and notify the borrower. CHASE and US BANCORP refused to make any such corrections, and therefore violated RESPA.

49. Defendants' violations of RESPA entitles Plaintiffs to actual damages and statutory damages under 12 U.S.C. § 2605(f)(1), as well as costs and attorney's fees under 12 U.S.C. § 2605(f)(2).

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Violation of California's Unfair Competition Law,
### Bus. & Prof. Code §17200 *et. seq.*)

50. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

51. The Court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200 et seq., specifically Business and Professions Code § 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which

1    may have been acquired by means of such unfair competition; and Business and

2    Professions Code Section 17204, which provides for actions for any relief

3    pursuant to the Unfair Competition Law to be prosecuted exclusively in a court

4    of competent jurisdiction by any board, officer, person, corporation or

5    association or by any person acting for the interests of itself, its members or the

6    general public.

7    52. At all times relevant to this Complaint, Defendants were lenders who were in

8    the business of providing residential mortgages to the general public and were

9    acting within the scope of that business with regard to the loan provided to

10    Plaintiff.

11    53. As set forth above under the First Cause of Action for Violations of TILA,

12    Defendants violated TILA.

13    54. Thus, Defendants acted unlawfully in that Defendants violated TILA.

14    55. As a direct, proximate, and foreseeable result of the unlawful conduct of

15    Defendants, Defendant's business acts or practices have caused injury to

16    Plaintiff and the public; and Plaintiff is entitled to relief, including full

17    restitution and/or disgorgement of all revenues, earnings, profits, compensation,

18    and benefits which may have been obtained by Defendants as a result of such

19    business acts or practices.

20    56. Plaintiff is informed and believes, and based thereon alleges, that the illegal

21    acts of Defendants are a serious threat to Plaintiff because these illegal acts

22    have allowed, or will allow, Defendants to wrongfully foreclose on the Subject

23    Property, transfer title or interest of the Subject Property, and to cause the

24    imminent eviction of Plaintiff from his home. Because of Defendants' illegal

25    actions, Plaintiff and his family will be forced out of the Subject Property. Such

26    eviction will cause Plaintiff to suffer further immediate and irreparable injury,

27    loss, and damage.

28

1  57. WHEREFORE, Plaintiff prays for judgment and relief as more fully set forth

2  below.

3

4

5  **FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

6  **(Breach of Implied Covenant of Good Faith and Fair Dealing)**

7  58. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

8  59. Plaintiff has tried to communicate her rescission demand to defendants and the

9  former note holder and none have responded, yet defendants continue with the

10  foreclosure procedure and currently have a trustee sale set for July 23, 2008.

11  60. At all times relevant, Defendants unreasonably denied Plaintiff the benefits

12  promised to them under the terms of the loan, including providing clear and

13  conspicuous disclosure of the date on which the rescission period expired.

14  Defendants have ignored her rescission demand, have failed to rescind the loan

15  and have continued with their foreclosure of plaintiff's home.

16  61. As a result of Defendants' conduct, Plaintiff has suffered harm in that she has

17  been subjected to the foreclosure process unjustifiably and is threatened with

18  losing her home.

19  62. WHEREFORE, Plaintiffs is entitled to declaratory relief, all damages

20  proximately caused by Defendants breach of the implied covenant of good faith

21  and fair dealing as alleged herein, punitive damages, pre-judgment interest,

22  costs of suit and other relief as the Court deems just and proper.

23  **FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**

24  **(Negligence)**

25  63. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

26  64. Defendants as mortgage lenders for the plaintiff had a duty to Plaintiffs to

27  diligently exercise skill and care in the performance of their duties and had a

28  duty of honesty, fair dealing and good faith, and to investigate and disclose the

plaintiff's legal obligation on the subject loans as well as all material terms of the subject loans.

65. These Defendants further had a duty to, among other things, insure that the disclosures provided in connection with the subject loan to Plaintiffs contained truthful and complete disclosures in regards to the subject loans. Specifically, these Defendants had a duty to provide accurate disclosures, including effective and accurate Right To Cancel Notices as alleged herein.

66. These Defendants negligently failed to provide accurate disclosures which reflect the legal obligation of the plaintiff in violation of Regulation Z as alleged herein.

67. Prior to and through the close of escrow on the subject loans, and up until this day, Defendants breached their duties as previously set forth.

68. As a direct and proximate result of these Defendants negligence and the facts herein alleged, Plaintiffs have been damaged as previously set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For consequential damages as permitted by law;

D. For statutory damages as permitted by law;

E. For punitive damages as permitted by law;

F. For rescission;

G. For equitable relief, including restitution;

H. For restitutionary disgorgement of all profits Defendants obtained as a result of their unfair competition;

I. For interest as permitted by law;

1    J. For Declaratory Relief;

2    K. For reasonable attorneys' fees and costs; and

3    L. For such other relief as is just and proper.

4

5    Dated:   July 14, 2008

6                                                    By:

7                                                          Vincent Howard

8                                                          Damian Nassiri

9                                                          **HOWARD | NASSIRI, LLP**
                                                         Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

– 16 –

JUN-23-2008 MON 09:14 AM PRIOITY POSTING          FAX NO. 01                    P. 17/41

42615I

Recording requested by:
STEWART TITLE OF CALIFORNIA, INC.

When Recorded Mail To:
NDEx West, LLC.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013
(866) 795-1852

**\*NTSP20080161902931\***
NTSP20080161902931

Space above this line for Recorder's use only

Trustee Sale No.: 20080161902931          Title Order No.: 83854          FHA/VA/PMI No.: 24589949

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 12/19/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

NDEx West, LLC, as duly appointed Trustee under and pursuant to Deed of Trust Recorded on 12/27/2006 as Instrument No. 2006-0916686 of official records in the office of the County Recorder of SAN DIEGO County, State of CALIFORNIA.

EXECUTED BY:   ELENA HOWELL AND CLIFFORD HOWELL,
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIERS CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (payable at time of sale in lawful money of the United States).
DATE OF SALE:              TIME OF SALE:   10:00 A.M
PLACE OF SALE:   AT THE ENTRANCE TO THE EAST COUNTY REGIONAL CENTER BY STATUE, 250 E. MAIN STREET, EL CAJON, CA.
STREET ADDRESS and other common designation, if any, of the real property described above is purported to be:
          835 WARMLANDS AVE, VISTA, CALIFORNIA 92084
APN#:   177-260-42

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $468,810.31. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
PRIORITY POSTING & PUBLICATION
17501 IRVINE BLVD, SUITE ONE
TUSTIN, CA 92780
714-573-1965
www.priorityposting.com

NDEx West, L.L.C. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NDEx West, L.L.C. as Authorized Agent

Dated: 06/27/2008

FCUS_NoticeOfTrusteeSale.rpt - Pub - 12/04/2007 - Ver-16          Page 1 of 1

**EXHIBIT B**

Application No.  RIV014966                    Loan No.  RIV014966
Borrowers: CLIFFORD HOWELL

Property Address:  835 WARMLANDS AVE, VISTA, CA  92084

**YOUR RIGHT TO CANCEL:**
You are entering into a transaction that will result in a mortgage, lien or security interest on/in your home. You have a legal right under federal law to cancel this transaction, within three business days from whichever of the following events occurs last:

> ENTER DATE

1. the date of the transaction, which is _____ ; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on/in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL:**

If you decide to cancel this transaction, you may do so by notifying us by faxing this form to (877) 553-4058 or in writing, at:

BNC MORTGAGE, INC.
1901 Main Street
Irvine, CA 92614-6524
ATTN: Funding Dept.

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

> ENTER DATE

If you cancel by mail or telegram, you must send a notice no later than midnight of _____
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time. Please note that if more than one consumer has the right to cancel this transaction, any such consumer acting alone may exercise his or her right to cancel and such cancellation shall be effective as to all consumers.

**I WISH TO CANCEL**

_____              _____
            Date                                Consumer's Signature

ON THE DATE OF THE TRANSACTION LISTED ABOVE I/WE, THE UNDERSIGNED, EACH RECEIVED TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL IN THE FORM PRESCRIBED BY LAW ADVISING ME/US OF MY/OUR RIGHT TO CANCEL THIS TRANSACTION.

_____  _____          _____  _____
CLIFFORD HOWELL              Date              ELENA HOWELL                 Date

_____  _____          _____  _____
                            Date                                           Date

_____  _____          _____  _____
                            Date                                           Date

BCANCEL-12

RIV014966

EXHIBIT G

-20-

# HOWARD | NASSIRI

### A LIMITED LIABILITY PARTNERSHIP

ARENA CORPORATE CENTER
1600 SOUTH DOUGLASS ROAD ♦ FIRST FLOOR ♦ ANAHEIM, CALIFORNIA 92806
TELEPHONE / 800.872.5925 ♦ FACSIMILE / 888.533.7310

DAMIAN J. NASSIRI
dnassiri@howardnassiri.com

May 30, 2008

**<u>VIA U.S. CERTIFIED MAIL</u>**
BNC Mortgage, Inc.
Attn: Legal Department
1901 Main Street
Irvine, CA 92614-6524

Chase Home Finance
Attn: Legal Department
P.O. Box 24573
Columbus, OH 43224

Chase Home Finance
Attn: Legal Department
P.O. Box 78116
Phoenix, AZ 85062-8116

NDEx West, L.L.C.
Attn: Cheryl Asher
15000 Surveyor Boulevard, Suite 500
Addison, TX 75001-9013

U.S. Bancorp
U.S. Bancorp Center
Attn: Legal Department
800 Nicollet Mall
Minneapolis, MN 55402

**OWARD | NASSIF**

A LIMITED LIABILITY PARTNERSHIP

CHASE HOME FINANCIAL.
May 30, 2008
Page 2

Re:    **Rescission Demand Pursuant to The Truth In Lending Act**
    Rescission of Chase Loan Number 0024092470, U. S. Bank, N.A. Trustee
    for BNC Mortgage Loan Trust 2007-1 ( Loan Number: RIV014966)
    Borrower: Howell, Elena and Clifford
    Property Address: 835 Warmlands Avenue, Vista, CA 92084

Attention Legal Department:

My law firm represents Elena and Clifford Howell concerning the loan transaction they
entered into with Lordsman, Inc. c/o of U. S. Bank, N.A. Trustee for BNC Mortgage
Loan Trust 2007-1 ( Loan Number: RIV014966) on or about December 19, 2006. The
loan was subsequently assigned to Chase Home Finance and currently is loan number
0024092470. We have been authorized by our client to rescind this transaction and
hereby exercise that right pursuant to the Federal Truth-In-Lending Act (hereafter
"TILA"), *15 U.S.C. § 1635, Regulation Z § 226.23*. The claims listed below, which give
rise to the extended rescission period, are sufficient under the referenced statutes, but
are not intended to be all inclusive. Additional violations of the TILA and applicable
state lending laws may not be known at this time.

## CLAIMS RELATED TO THE RIGHT TO CANCEL FORM

TILA, at *15 U.S.C. § 1635(a)* as implemented under *Regulation Z § 226.23 (b)*, requires
that each borrower receive two (2) completed copies of the right to rescind notice. Such
notice is required to clearly and conspicuously disclose: (1) the retention or acquisition
of a security interest in the consumer's principal dwelling; (2) the consumer's right to
rescind the transaction; (3) how to exercise the right to rescind with a form for that
purpose, designating the address of the creditor's place of business; (4) the effects of
rescission; and (5) the date the rescission period expires. *Regulation Z § 226.23(b)(1)(i-
v)*.

Ms. Howell and Mr. Howell received only one right to cancel notice in connection with
their loan, not two as required by TILA. In addition, Ms. Howell and Mr. Howell's
right to rescind notice provided was defective in that the date the rescission period
expires was left blank on the notice that Ms. Howell and Mr. Howell did receive. The
9th Circuit Court of Appeals has held that such a violation gives rise to an extended
rescission period by. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699 (9th

**HOWARD | NASSIF**
A LIMITED LIABILITY PARTNERSHIP

CHASE HOME FINANCIAL.
May 30, 2008
Page 3

Cir. 1986). The extended rescission period is three (3) years.

Attached to this letter is a copy of the defective Right to Cancel notice for your review. Please take note that while your institution may have a properly completed Right to Cancel notice in your possession, our client did not receive copies that were filled in properly. The copy provided to our client was blank. Thus, the closing agent or notary public failed to fully complete the copy which was provided to the borrower. The copy received by our clients was defective in that the required date of notice and date of expiration was not provided on either document, and this in itself is a violation which gives rise to the extended right to cancel under TILA. The failure of the originating lender to provide fully completed copies of the Right to Cancel notices to the borrower is a material violation of TILA, and such violation provides a three-year right to rescind the loan transaction.

It is likely that the lender did receive an acknowledged copy of the Right to Cancel Notice, however, pursuant to TILA, possession of such an acknowledged document does no more than create a **rebuttable presumption** of delivery.

*15 U.S.C. 1635(c)* reprinted as follows:

Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this subchapter by a person to whom information, forms and a statement is required to be given pursuant to this section does no more than create a **rebuttable presumption** of delivery thereof. (emphasis added)

Courts have held that "A debtor seeking to overcome the presumption faces a "low burden". In analyzing the borrower's claims it is important and relevant to examine the facts surrounding the subject loan transaction itself.

## EFFECT OF RESCISSION

The security interest held by the note holder, and/or its assignees is void upon our rescission (See *15 U.S.C. § 1635; Regulation Z § 226.23 and 15 U.S.C. § 1641(c)*). Pursuant to the Regulation, you have twenty (20) days after receipt of this notice of rescission to return to my client all monies paid and to take action necessary or appropriate to reflect termination of the security interest. Upon the discharge of your statutory duties, my client will perform all necessary actions required by *15 U.S.C. §*

**HOWARD | NASSIRI**
A LIMITED LIABILITY PARTNERSHIP

CHASE HOME FINANCIAL.
May 30, 2008
Page 4

*1635(b)*; *Regulation Z, §§ 226.15(d)(3), 226.23(d)(3)*.

Please be advised that if you do not cancel the security interest and return all consideration paid by our client prior to the expiration of our loan commitment, you will be responsible for actual and statutory damages pursuant to *15 U.S.C. § 1640(a)*.

Attached hereto for your reference is a copy of the defective right to cancel notice as well as a signed authorization to negotiate on behalf of our client. We look forward to your timely reply and efficient resolution of this matter so that all parties may be spared further expense.

We are unsure as to which entity is the current note holder. We hereby demand that the servicer on this loan forward a copy immediately to the holder if the servicer does not hold the loan, or is holding it only for administrative convenience. In addition, this letter shall serve as a formal written request to state the name, address, and telephone number of the owner of the obligation, as required by RESPA, 15 U.S.C. Section 1641 (f)(2).

We demand that the note holder cease all foreclosure activity on this loan and that no negative credit reporting take place during this dispute, pursuant to the Truth In Lending Act and Fair Credit Reporting Act. Please also send me a copy of the client's payment history, Itemization of Amount Financed and Final Settlement Statement other documentation showing the loan disbursements, loan charges, payments made, and current principal balance due. Lastly, our client is amenable to settle this matter by way of a loan modification with some reduction in the principal amount owed. Please advise if this is feasible for your client.

Sincerely,

**HOWARD | NASSIRI**

DAMIAN NASSIRI

EXHIBIT D

-25-


**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm        FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7007 2680 0001 9290 4915
Status: **Delivered**

Your item was delivered at 10:27 AM on June 2, 2008 in COLUMBUS, OH 43224.

( Additional Details > )    ( Return to USPS.com Home > )

Howell

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]    ( Go > )

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.    ( Go > )

---

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ $0.59 |
| Certified Fee | $2.70 |
| Return Receipt Fee (Endorsement Required) | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ $5.49 |

Postmark Here

05/30/2008

Legal Depart

Sent To  Chase Home Finance
Street, Apt. No.; or PO Box No.  PO Box 24573
City, State, ZIP+4  Columbus OH 43224

PS Form 3800, August 2006    See Reverse for Instructions

7007 2680 0001 9290 4915

-26-

*Howell*



**UNITED STATES POSTAL SERVICE**®

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7007 2680 0001 9290 4908
Status: **Delivered**

Your item was delivered at 9:26 AM on June 5, 2008 in SCOTTSBLUFF, NE 69363.

( Additional Details > )   ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

[                    ]   ( Go > )

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

Site Map     Contact Us     Forms     Gov't Services     Jobs     Privacy Policy     Terms of Use     National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA



http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do                    6/5/2008

  **UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

Howell

## Search Results

Label/Receipt Number: **7007 2680 0001 9290 4946**
Status: **Delivered**

Your item was delivered at 7:46 AM on June 2, 2008 in MINNEAPOLIS, MN 55402.

( Additional Details > )  ( Return to USPS.com Home > )

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.  ( Go > )

Site Map    Contact Us    Forms    Gov't Services    Jobs    Privacy Policy    Terms of Use    National & Premier Accounts

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**U.S. Postal Service** ™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.59 |
| Certified Fee | | $2.70 |
| Return Receipt Fee (Endorsement Required) | | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.49 |

Postmark Here

Sent To  US Bancorp Center
Street, Apt. No.; or PO Box No.  800 Nicollet Mall
City, State, ZIP+4  Minneapolis MN 55402

PS Form 3800, August 2006    See Reverse for Instructions

7007 2680 0001 9290 4946

---

-28-

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
JUL 17 AM 10: 44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## I. (a) PLAINTIFFS
Clifford Howell and Elena Howell

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Damian J. Nassiri, SBN 231667, HOWARD | NASSIRI, LLP, 1600 S. Douglass Rd., 1st Fl., Anaheim, CA 92806 Tel: 800-872-5925

Attorneys (If Known)

**08 CV 1282 JLS LSP**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

**DATE**
07/14/2008

**SIGNATURE OF ATTORNEY OF RECORD**

---

**FOR OFFICE USE ONLY**

RECEIPT # 153043    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

SAC 7/14/08

**ORIGINAL**

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

## # 153093    — TC

## July 17, 2008
## 10:31:39

### Civ Fil Non-Pris

USAO #.: 08CV1282
Judge..: JANIS L. SAMMARTINO
Amount.:                $350.00 CK
Check#.: BC168193

## Total-> $350.00

FROM: 08CV1282