1  VINCENT D. HOWARD, State Bar No. 232478
   vhoward@howardnassiri.com
2  DAMIAN J. NASSIRI, State Bar No. 231667
   dnassiri@howardnassiri.com
3  **HOWARD | NASSIRI, LLP**
   1600 South Douglass Road, First Floor
4  Anaheim, CA 92806
   (800) 872-5925 Telephone
5  (888) 533-7310 Facsimile
   www.HOWARDNASSIRI.com
6

FILED

2008 JUL 17  AM 10: 44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

'08  CV 1282 JLS LSP

7  Attorneys for Plaintiff, CLIFFORD HOWELL AND ELENA HOWELL

8
                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  **CLIFFORD HOWELL AND ELENA** ) | CASE NO. _____ |
| 12  **HOWELL,** ) | EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |
| 13      **Plaintiff,** ) | |
| 14   v. ) | |
| 15  **CHASE HOME FINANCE LLC, U.S.** ) | Fed R Civ P 65(a), (b) |
| 16  **BANCORP, AND DOES 1-10,** ) | DATE: |
| 17      **Defendants.** ) | TIME: |
| 18 _____ ) | DEPT: JUDGE: |

19

20      Plaintiff CLIFFORD HOWELL AND ELENA HOWELL hereby moves Ex

21  Parte for a Temporary Restraining Order, and Order to Show Cause Re: Preliminary

22  Injunction. This motion is based on Federal Rules of Civil Procedure 64 and 65.

23      Plaintiff is seeking injunctive relief including a temporary restraining to

24  prevent a trustee's sale of the real property located 835 Warmlands Avenue, Vista,

25  CA 92084-5341  (hereinafter "Property" or "the Property") by Defendant CHASE

26  HOME FINANCE LLC, U.S. BANCORP, AND DOES 1-10, a corporation,

27  Defendant's agents, officers, or representatives, pending the hearing and

28  determination on Plaintiff's request for a preliminary injunction.

ORIGINAL

1        Plaintiff also seeks the Court to issue a preliminary injunction to prevent a

2    trustee's sale of Property by Defendant CHASE HOME FINANCE LLC, U.S.

3    BANCORP, AND DOES 1-10, a corporation, Defendant's agents, officers, or

4    representatives, pending the resolution of this case, and at the Court's discretion, to

5    require Plaintiff to post an undertaking or bond of reasonable amount to protect

6    Defendant's interest pending full resolution of the case.

7        The grounds for this application, as more fully set forth in the complaint, are

8    that:

9        1) Defendant caused a notice of trustee sale to be recorded against Plaintiff's

10    property and as such sale was set to occur on July 23, 2008 which will proceed

11    without the Court's intervention;

12        2) Plaintiff is entitled to rescission of the subject loan transaction and

13    damages pursuant to numerous violations by Defendant under the Truth In Lending

14    Act;

15        3) Allowing the trustee sale to take place will irreparably harm Plaintiff. If

16    this motion was filed according to normal noticed motion procedures, the matter

17    would not be heard until after the sale, with Plaintiff's property most likely being

18    sold to a bona fide third party purchaser, thus limiting her remedies and displacing

19    her from her home.

20        This application is based on the Motion papers, including this document, the

21    attached Memorandum of Points and Authorities, the supporting declaration of

22    Plaintiff's attorney Damian Nassiri, the supporting declaration of Plaintiff

23    HOWELL and all the other papers and records on file in this action, including but

24    not limited to the Plaintiff's complaint, together with any argument and evidence

25    that may be presented at the hearing of this motion.

26

27

28

1  Plaintiff and her counsel have made repeated written and oral requests that CHASE

2  HOME FINANCE LLC, U.S. BANCORP, AND DOES 1-10 postpone the trustee

3  sale until the plaintiff's claims are resolved but have been unsuccessful.

4

5  Dated: July 14, 2008

6

7  By: _____

8       Damian Nassiri

9       **HOWARD | NASSIRI, LLP**

10      Attorneys for Plaintiff, **CLIFFORD HOWELL AND ELENA HOWELL**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  VINCENT D. HOWARD, State Bar No. 232478
   vhoward@howardnassiri.com
2  DAMIAN J. NASSIRI, State Bar No. 231667
   dnassiri@howardnassiri.com
3  **HOWARD | NASSIRI, LLP**
   1600 South Douglass Road, First Floor
4  Anaheim, CA 92806
   (800) 872-5925 Telephone
5  (888) 533-7310 Facsimile
   www.HOWARDNASSIRI.com

6

7  Attorneys for Plaintiff, CLIFFORD HOWELL AND ELENA HOWELL

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 CLIFFORD HOWELL AND ELENA )    CASE NO. _____
   HOWELL,                    )
12                            )    **MEMORANDUM OF POINTS AND**
                              )    **AUTHORITIES IN SUPPORT OF**
13        Plaintiff,          )    **EX PARTE APPLICATION FOR**
      v.                      )    **TEMPORARY RESTRAINING**
14                            )    **ORDER AND ORDER TO SHOW**
15 CHASE HOME FINANCE LLC, U.S. )  **CAUSE RE: PRELIMINARY**
   BANCORP, AND DOES 1-10,    )    **INJUNCTION**
16                            )
17        Defendants.         )
18 _____)

19

20

21          **MEMORANDUM OF POINTS AND AUTHORITIES**

22        Plaintiff CLIFFORD HOWELL AND ELENA HOWELL ("HOWELL")

23 hereby submits his Memorandum of Points and Authorities in support of the Ex

24 Parte Application for a Temporary Restraining Order, and Order to Show Cause Re:

25 Preliminary Injunction. The motion is based on Federal Rules of Civil Procedure 64

26 and 65.

27

28

# I.

## INTRODUCTION

This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq., Bus. & Prof. Code § 17200, et seq., and other statutory and common law in effect. Plaintiffs CLIFFORD HOWELL AND ELENA HOWELL ("HOWELL" or "Plaintiff"), brings this action against CHASE HOME FINANCE LLC ("CHASE"); U.S. BANCORP and DOES 1-10 (collectively "Defendants"), based, in part, on Defendant CHASE and U.S. BANCORP's failure to rescind Plaintiff's loan on the basis that plaintiff was not provided with accurate material disclosures for the subject loan transaction.   Defendant CHASE and/or U.S. BANCORP ("US BANCORP") currently has a trustee sale set for July 23, 2008 on the Plaintiff's property, which is the subject of this complaint. (See Exhibit "A", Notice of Trustee Sale). Plaintiff's complaint for rescission is based on defendants failure to provide plaintiff with accurate notices of right to cancel, which also entitle plaintiff to rescind the subject loans.

# II.

## FACTUAL BACKGROUND

Plaintiff's loan is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to Plaintiff's loan with CHASE and/or US BANCORP. Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). The "material disclosures" that must be delivered include clear and conspicuous disclosure of the notice of right to rescind, including the date on which the rescission period expires. 15

1    U.S.C. § 1602(u), 15 U.S.C. § 1635(a). If the required notice of cancellation are

2    not provided, or if the required "material disclosures" are not delivered, then the

3    right to cancel extends to three years after the date of the loan.

4        On or about December 19, 2006, Plaintiff entered into a consumer credit

5    transaction (hereafter sometimes referred to as "Loan Transaction ") with BNC

6    Mortgage, Inc. in which the extended consumer credit was subject to a finance

7    charge and which was initially payable to BNC Mortgage, Inc. The loan with BNC

8    had a loan number of RIV014966 and subsequently assigned to either CHASE or

9    US BANCORP and now has a loan number of 0024092470 with CHASE and

10   plaintiff is unaware of any US BANCORP loan number.

11       CHASE and/or US BANCORP by way of TILA's assignee liability

12   provision, were required to provide Plaintiff certain disclosures pursuant to the

13   TILA. Regulation Z mandates the content of the rescission notice. For both open-

14   end and closed-end credit, the notice must identify the transaction, and must

15   disclose, among other things, the date the rescission period expires.

16       In the instant case, the originating lender BNC failed to provide Plaintiff two

17   (2) properly filled out Notices of Right to Cancel, pursuant to the TILA, for either

18   of the two subject loan transactions, thereby denying Plaintiff the right to cancel

19   the transaction in a timely manner, if they so elected. This is the very situation the

20   TILA was meant to prevent.

21       By letter dated May 30, 2008, Plaintiff, through their attorney, notified BNC,

22   CHASE and US BANCORP of their election to rescind both of the subject loans.

23   Plaintiff offered to make arrangements for tender as might be required under TILA,

24   Section 15 U.S.C. § 1635(b). Defendants failed to respond despite receiving the

25   letter and are proceeding to sell plaintiffs' home on July 23, 2008.

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.

## POINTS AND AUTHORITIES

**A. A Preliminary Injunction Should Not Be Granted Unless The Movant, By A Clear Showing, Carries The Burden Of Persuasion.**

A preliminary injunction is a drastic and extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In considering injunctive relief, the court must consider four factors: 1) Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; 2) Whether the plaintiff has shown irreparable injury; 3) Whether the issuance of an injunctive order would cause substantial harm to others; and 4) Whether the public interest would be served by issuing the injunction. *Friendship Materials Inc. v. Michigan Brick Inc.*, 679 F.2d 100, 102 (6th Cir. 1982), citing *Mason v. County Medical Ass'n v. Knebel*, 563 F.2d 256, 261(6th Cir. 1977). In the case, Plaintiff's request meets all four of these requirements.

**B. Plaintiff Has Shown A Temporary Restraining Order Should Be Issued.**

**1. Likelihood of Success on the Merits**

A. Rescission

In the matter, defendants have violated the disclosure requirements of the Truth in Lending Act as well as state law. Plaintiff has rescinded the mortgage loan, but Defendants have failed to honor that rescission.

Specifically, the Truth in Lending Act mandates that consumers have a right to rescind a transaction when it is a consumer credit transaction in which a non-purchase money lien or security interest is placed on the consumer's principal dwelling. 15 U.S.C. § 1635.

Here Defendant has filed a Notice of Sale, which means it has initiated the non-judicial foreclosure process and has set the date for said foreclosure sale for

1   July 23, 2008.  The failure to deliver properly filled out Right to Rescind notices at

2   the time of the loan transaction for both loans, as required by the TILA, is a factual

3   issue and not open to dispute.  Plaintiffs were only provided with one total copy of

4   the right to rescind notice in connection with the subject loans, instead of two each

5   for a total of four.  In addition, the right to rescind notice provided in connection

6   with the subject loan was defective in the date the rescission period expires was left

7   blank. (See attached Declaration of Plaintiff).  The blank document that Plaintiffs

8   received from CHASE and US BANCORP do not meet the requirements of the

9   TILA (See Exhibit A).

10        1. Right To Cancel Violations

11        At the core of both Plaintiffs' action is whether Plaintiff's rescission of the

12   subject loan transaction, by reason of Defendant's failure to provide Plaintiff with

13   the requisite completed and signed notice of right to rescind at the time the loan was

14   made, or at any time thereafter, as well as other violations of TILA, was effective.

15   If Plaintiff prevails on these rescission and TILA violation claims, then Defendants

16   do not have any right to the property or the proceeds from any potential sale of the

17   property.

18        Defendant's exhibits will undoubtedly include documents allegedly

19   executed by Plaintiff on the date each of the respective loans closed.  However,

20   these are not the same documents Plaintiff received regarding this transaction.  See

21   Plaintiff's Declaration.

22        Whether the consumer received the mandated information and copies of

23   the right to rescind is a question of fact.  *Clay v. Johnson*, 77 F. Supp.2d 879 (N.D.

24   Ill. 1999)(whether borrowers were delivered a blank notice of right to cancel is

25   question of fact), rev'd on other grounds, 264 F.3d 744 (7th Cir. 2001).   The

26   debtor's denial of receipt of the notices and disclosures creates a question of fact

27   that precludes summary judgment.  *Rowland v. Novus Fin. Corp.*, 949 F. Supp.

28   1447, 1458 (D. Haw. 1996)(in response to creditor's motion for summary judgment,

1   debtor produced copy of notice that differed from creditor's); *Hawaii Community*

2   *Federal Credit Union v. Keka*, 11 P.3d 1 (Haw. 2000); *Norwest Mortg., Inc. v. De*

3   *Rego*, 44 P.3d 293 (Haw. App. 2002); *Bankers Trust Co. v. Ward*, 269 A.D.2d 480,

4   703 N.Y.S.2d 504 (2000).

5        The fact that Defendants will present an acknowledgment of receipt is not

6   dispositive of this issue. *Moore v. Mortgagestar, Inc.*, 2002 U.S. Dist. LEXIS

7   27457 (W.D. W. Va. Dec. 18, 2002)(denial of receipt precludes summary judgment

8   for lender even where borrower signed acknowledgment of receipt).

9        Plaintiffs will testify that they did not receive two properly filled in notices.

10   Their testimony will rebut the presumption that Defendants will assert, that is, that

11   plaintiff in fact received the disclosures. Accordingly, the probability of success on

12   the merits is very likely.

13        B. <u>Tender</u>

14        Defendant will likely argue that plaintiff will not prevail because plaintiff

15   will be unable to tender pursuant to 15 U.S.C. § 1635(b). Any such argument

16   presented by Defendant is flawed, however, because Plaintiff is not required to

17   offer to tender or allege a tender and even if Plaintiff were required to do so,

18   Plaintiff is only required to offer or allege a tender once Defendant has voided the

19   security interest and retuned (or credited back) any money or property given to the

20   creditor by the Plaintiff.

21        TILA and Regulation Z set out in detail a simple, sequential, three-step

22   process which is triggered when consumers elect to exercise their cancellation right,

23   and send written notice to their creditors. See 15 U.S.C. § 1635 and Regulation Z

24   §226.23. The goal is restoration of the status quo ante.

25        The first step in the process starts with the consumer's notice to the creditor,

26   which plaintiff mailed to Defendant GMAC on or about, March 28, 2008. By

27   operation of law, the security interest automatically becomes void and the consumer

28   is relieved of any obligation to pay any finance or other charge. See 15 U.S.C. §

1  1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

2  Second, the creditor has twenty days from receipt of the consumer's

3  cancellation notice to return (or credit back) any money or property given to

4  anyone, and to take any action necessary to reflect the termination of the security

5  interest. See 15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(2), 226.23(d)(2). Third,

6  only after the creditor has complied with the preceding mandate, the consumer is to

7  tender back to the creditor any money or property received. See 15 U.S.C. §

8  1635(b); Reg. Z §§ 226.15(d)(3), 226.23(d)(3).

9  Unless modified by the court, the creditor's performance of its duties is

10  essentially a condition to the consumer's tender. See *Large v. Conseco Fin. Serv.*

11  *Corp.*, 292 F.3d 49 (1st Cir. 2002) (in contrast to common law rescission, borrower

12  need not first return the loan proceeds to effect rescission); *Ljepava v. M.L.S.C.*

13  *Props., Inc.*, 511 F.2d 935 (9th Cir. 1975) ("plain language of statute suggests

14  creditors should be required to remove lien prior to tender"); *Basnight v. Diamond*

15  *Developers, Inc.*, 146 F.Supp. 2d 754 (M.D.N.C. 2001) (where creditor refused to

16  cancel, borrower's duty to return the property never arose); *Eveland v. Star Bank,*

17  *N.A.*, 976 F.Supp. 721 (S.D. Ohio 1997) (looking to plain language of Regulation Z

18  to hold that the creditor must first take the action necessary to terminate the security

19  interest before the consumer is obligated to tender).

20  Here, Defendants have failed to take any action necessary to reflect the

21  termination of the security interest and also failed to return (or credit back) any

22  money or property given to them by plaintiff. Plaintiff is not required to allege a

23  tender although Plaintiff can tender in monthly installments. However, Defendant

24  would have to first provide Plaintiff with a tender amount before plaintiff could

25  even be in the position to tender according to TILA.

26  Defendant may also cites the *Yamamoto* case in support of its opposition to

27  Plaintiff's application. However, *Yamamoto* does not support the argument that the

28  borrower cannot show a likelihood of success on the merits without demonstrating

1  their ability to tender the proceeds of the loan.  Instead, *Yamamoto* emphasizes a

2  district court's "equitable discretion to modify rescission procedures." Id.  At 1173.

3  This discretion can be exercised in favor of lenders, by requiring borrowers to make

4  a showing of their ability to pay a lump sum, or in favor of borrowers by allowing

5  them to fulfill their tender obligation by making payments over time.  *In re Stuart,*

6  367 B.R. 541, 552 (Bankr. E.D. Pa. 2007); see *Shepeard v. Quality Sliding &*

7  *Window Factory, Inc.,* 730 F.Supp. 1295 (D.Del. 1990) (allowing borrower to

8  satisfy tender obligation by making monthly payments at the rate she had

9  understood would be applicable); *Mayfield v. Vanguard Sav. & Loan Ass'n,* 710 F.

10  Supp. 143, 149 (E.D. Pa 1989) (allowing borrower to satisfy tender obligation by

11  making monthly payment equal to those she made before the loan transaction).

12  Accordingly, the probability of success on the merits is very likely as plaintiff can

13  tender in monthly installments.

14      **2. Irreparable Injury**

15      "The imminent foreclosure of plaintiff's residence presents a threat of

16  irreparable harm." *Nichols v. Deutche Bank Nat. Trust Co.*, 2007 WL 4181111, at

17  *3 (S.D. Cal. Nov. 21, 2007)  "Losing one's home through foreclosure is an

18  irreparable injury" See, e.g., *Wrobel v. S.L. Pope & Associates*, 2007 WL 2345036,

19  at *1 (S.D. Cal. June 15, 2007).  If a temporary restraining order is not granted,

20  plaintiff will suffer an irreparable injury in that he will lose the ownership of his

21  home.  The risk is neither remote nor a mere possibility; rather, it is immediate in

22  nature and very likely to happen on or about July 23, 2008.  The loss of the home

23  would be devastating to plaintiff, who is living in the subject property.  The loss of

24  the home would render plaintiff, homeless.  If plaintiff loses his home, he can never

25  be adequately compensated by monetary damages.  In addition, if the Court

26  ultimately finds that Plaintiff has validly rescinded his loan, but the foreclosure sale

27  has proceeded as scheduled, it will be much more difficult to afford effective relief

28  to the Plaintiff, because the home may have passed to a third-party bona fide

1  purchaser by that time.  The foreclosure sale must be enjoined to preserve the *status*

2  *quo* pending adjudication of the case on the merits.

3       Thus, because the harm to plaintiff will be immediate and irreparable, the

4  Court should grant Plaintiff's motion for a temporary restraining order.

5       **3. Balance of Harms**

6       The harm plaintiff will suffer if the property goes to foreclosure outweighs

7  any harm to the defendants.  If plaintiff succeeds on the merits of his case, he will

8  remain the owner of the property at issue.  If not, defendants would be free to

9  continue with their foreclosure proceedings.  On information and belief, there is a

10 sufficient equity cushion in the home to protect defendants from any slight loss that

11 might possibly be caused by the delay.  Thus, Defendant will ultimately lose

12 nothing in affording the plaintiff the opportunity to have these claims fully

13 adjudicated.

14      **4. The Public Interest**

15      Plaintiff submits that public interest favors the granting of the requested

16 relief.  The public has an interest in the orderly administration of justice with

17 respect to this transaction which will be defeated if the relief sought is not granted.

18 Public policy favors the proper adjudication of claims of predatory lending against

19 homeowners.  Additionally, public policy dictates that the plaintiff should not be

20 rendered homeless without a full adjudication of his case on the merits.

21      Currently there is an extremely high rate of foreclosures in Southern

22 California real estate market.  As a result, foreclosures contribute to neighborhood

23 blight and bring other property owners values down.  The foreclosure also foster

24 crime as gangs and drug dealers move into the abandoned homes.  A foreclosure

25 sale of plaintiff's home would likely add to these problems, which are not in the

26 public's interest.

27      **5. No Bond Should be required**

28      In the case, to require a bond in any substantial amount is effectively to deny

1   plaintiff the requested relief.  Plaintiff is of limited economic means.  In addition,

2   defendants are already protected by their lien security interests in plaintiff's home,

3   so additional security in the form of a bond should be unnecessary.

4                                              V.

5                                   **CONCLUSION**

6        Plaintiff has shown a temporary restraining order should be issued because of

7   his likelihood of success on the merits, the irreparable harm that will result if the

8   order is not granted, the relative lack of harm to defendants if the order is granted,

9   and the order will serve the public interest.  Accordingly, plaintiff requests that the

10  Court grant the Motion for Temporary Restraining Order enjoining any foreclosure

11  sale, trustee sale or sheriff's sale pending an adjudication of the plaintiff's claims.

12

13  Dated:   July 14, 2008

14

15                                   By:   _____

16                                          Vincent Howard
                                            Damian Nassiri
17                                          **HOWARD | NASSIRI, LLP**
                                            Attorneys for Plaintiff
18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

— | | —

426151

Recording requested by:
STEWART TITLE OF CALIFORNIA, INC.

When Recorded Mail To:
NDEx West, LLC.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013
(866) 795-1852

**\*NTSP20080161902931\***
NTSP20080161902931

Space above this line for Recorder's use only

Trustee Sale No. : 20080161902931     Title Order No.: 83854     FHA/VA/PMI No.: 24589949

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 12/19/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

NDEx West, LLC, as duly appointed Trustee under and pursuant to Deed of Trust Recorded on 12/27/2006 as Instrument No. 2006-0916686 of official records in the office of the County Recorder of SAN DIEGO County, State of CALIFORNIA.

EXECUTED BY:     ELENA HOWELL AND CLIFFORD HOWELL,
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIERS CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (payable at time of sale in lawful money of the United States).
DATE OF SALE:     07/23/2008     TIME OF SALE:     10:00 AM
PLACE OF SALE:    AT THE ENTRANCE TO THE EAST COUNTY REGIONAL CENTER BY STATUE, 250 E. MAIN STREET, EL CAJON, CA.
STREET ADDRESS and other common designation, if any, of the real property described above is purported to be:

835 WARMLANDS AVE, VISTA, CALIFORNIA 92084
APN#:     177-260-42

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $463,810.31. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
PRIORITY POSTING & PUBLICATION
17501 IRVINE BLVD, SUITE ONE
TUSTIN, CA 92780
714-573-1965
www.priorityposting.com

NDEx West, L.L.C. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NDEx West, L.L.C. as Authorized Agent

_____     Dated: 06/27/2008

FCUS_NoticeOfTrusteeSale.rpt - Pub - 12/04/2007 - Ver-16                     Page 1 of 1

1  VINCENT D. HOWARD, State Bar No. 232478
   vhoward@howardnassiri.com
2  DAMIAN J. NASSIRI, State Bar No. 231667
   dnassiri@howardnassiri.com
3  **HOWARD | NASSIRI, LLP**
   1600 South Douglass Road, First Floor
4  Anaheim, CA 92806
   (800) 872-5925 Telephone
5  (888) 533-7310 Facsimile
   www.HOWARDNASSIRI.com

FILED

2008 JUL 17  AM 10: 44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

'08 CV 1282 JLS LSP

7  Attorneys for Plaintiff, CLIFFORD HOWELL AND ELENA HOWELL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CLIFFORD HOWELL AND ELENA HOWELL,** )<br><br>          **Plaintiff,** )<br>  v. )<br><br>**CHASE HOME FINANCE LLC, U.S. BANCORP, AND DOES 1-10,** )<br><br>          **Defendants.** ) | CASE NO. _____<br><br>**DECLARATION OF CLIFFORD HOWELL IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |

**DECLARATION OF CLIFFORD HOWELL, PLAINTIFFS**

I, CLIFFORD HOWELL, declare:

1. My name is CLIFFORD HOWELL. I am over 18 years of age. I am a resident of San Diego County in the State of California. I am fully competent to make this Declaration and I have personal knowledge of the facts stated in this Declaration. To my knowledge, all of the facts stated in this Declaration are true and correct.

2. On the date of the signing of the loan documents, I was not provided with

ORIGINAL

1  two properly filled in Right To Cancel Notice disclosures required by the
2  Truth In Lending Act.

3.  In fact, me and my mother were given only one copy total of the right to
    rescind notice in connection with the subject loan.

4.  In addition, the right to rescind notice provided in connection with the
    subject loan was defective in the date the rescission period expires was left
    blank.

5.  I have never been provided with two properly filled in Right To Cancel
    Notice disclosures required by the Truth In Lending Act.

6.  On or about May 30, 2008, I had my lawyer send CHASE and US
    BANCORP a rescission notice electing to rescind the subject loan and which
    contained a demand under the Truth in Lending Act, and a request for
    information related to my mortgage balance and payments.

7.  In this notice, I offered to make arrangements for tender as might be required
    under TILA, Section 15 U.S.C. § 1635(b).

8.  CHASE and US BANCORP did not rescind the mortgage within 20 days of
    the rescission notice and has not rescinded the mortgage to this day.

9.  On information and belief, CHASE and US BANCORP has a trustee sale set
    for July 23, 2008 for the subject property.

10. Exhibit A is a true and correct copy of the rescission notice and demand letter
    I had my attorney send the defendants.

11. Exhibit B are true and correct copies of the Right To Cancel Notice I
    received as part of the subject loan transaction and I received no others.

I declare under penalty of perjury that the foregoing Declaration is true and correct.
I have executed this Declaration on July 14 2008 at San Diego,
California.

By: _____
    Clifford Howell

1 | VINCENT D. HOWARD, State Bar No. 232478
vhoward@howardnassiri.com
2 | DAMIAN J. NASSIRI, State Bar No. 231667
dnassiri@howardnassiri.com
3 | **HOWARD | NASSIRI, LLP**
1600 South Douglass Road, First Floor
4 | Anaheim, CA 92806
(800) 872-5925 Telephone
5 | (888) 533-7310 Facsimile
www.HOWARDNASSIRI.com

FILED

2008 JUL 17 AM 10:44

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

'08 CV 1282 JLS LSP

6

7 | Attorneys for Plaintiff, CLIFFORD HOWELL AND ELENA HOWELL

8

9 | **UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 **CLIFFORD HOWELL AND ELENA** ) | CASE NO. _____ |
| **HOWELL,** ) | **DECLARATION OF DAMIAN** |
| 12 ) | **NASSIRI IN SUPPORT OF EX** |
| 13 **Plaintiff,** ) | **PARTE APPLICATION FOR** |
| ) | **TEMPORARY RESTRAINING** |
| v. ) | **ORDER AND ORDER TO SHOW** |
| 14 ) | **CAUSE RE: PRELIMINARY** |
| 15 **CHASE HOME FINANCE LLC, U.S.** ) | **INJUNCTION** |
| **BANCORP, AND DOES 1-10,** ) | |
| 16 ) | **Fed R Civ P 65(a), (b)** |
| 17 **Defendants.** ) | |
| 18 ——————————————————— ) | |

19

20 | DECLARATION OF DAMIAN NASSIRI, ATTORNEY FOR PLAINTIFF

21 |     I, Damian Nassiri, declare:

22 |     1.    My name is Damian Nassiri.  I am over 18 years of age. I am a resident

23 | of Orange County in the State of California. I am fully competent to make this

24 | Declaration and I have personal knowledge of the facts stated in this Declaration.

25 | To my knowledge, all of the facts stated in this Declaration are true and correct.

26 |     2.    I am the attorney for Plaintiff. I make this Declaration in support of the

27 | Memorandum of Points and Authorities.

28

DECLARATION OF DAMIAN NASSIRI
- 1 -

ORIGINAL

3.    I mailed a rescission demand on behalf of my clients on May 30, 2008 to CHASE, US BANCORP and BNC Mortgage and each received it, but none has responded.  I have been attempting to contact them but have not been successful to stop the trustee sale in light of plaintiff's claims.

4.   On July 14, 2008, I caused the motion and complaint to go out for filing with the court and service on each of the defendants by personal service.  As a courtesy, I caused to be faxed and mailed copies of the complaint and motion papers to the trustee who currently has the trustee sale set for July 23, 2008, NDEx West, LLC, 15000 Surveyor Boulevard, Suite 500, Addison, TX 75001-9013, Fax 972-661-7800, the contact information I have from the notice of trustee sale.

I declare under penalty of perjury that the foregoing Declaration is true and correct. I have executed this Declaration on July 14, 2008, at Anaheim, California.

By:    _____

Damian Nassiri
**HOWARD | NASSIRI, LLP**
Attorneys for Plaintiff, **CLIFFORD HOWELL AND ELENA HOWELL**

1  VINCENT D. HOWARD, State Bar No. 232478
   vhoward@howardnassiri.com
2  DAMIAN J. NASSIRI, State Bar No. 231667
   dnassiri@howardnassiri.com
3  **HOWARD | NASSIRI, LLP**
   1600 South Douglass Road, First Floor
4  Anaheim, CA 92806
   (800) 872-5925 Telephone
5  (888) 533-7310 Facsimile
   www.HOWARDNASSIRI.com
6

7  Attorneys for Plaintiff, CLIFFORD HOWELL AND ELENA HOWELL

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 CLIFFORD HOWELL AND ELENA  )    CASE NO. _____
   HOWELL,                    )
12                            )    **DECLARATION OF ELENA**
                              )    **HOWELL IN SUPPORT OF**
13        **Plaintiff,**      )    **MEMORANDUM OF POINTS AND**
                              )    **AUTHORITIES IN SUPPORT OF**
14   v.                       )    **EX PARTE APPLICATION FOR**
                              )    **TEMPORARY RESTRAINING**
15 CHASE HOME FINANCE LLC, U.S. )  **ORDER AND ORDER TO SHOW**
   BANCORP, AND DOES 1-10,    )    **CAUSE RE: PRELIMINARY**
16                            )    **INJUNCTION**
17        **Defendants.**     )
18 ─────────────────────────  )

19

20

21 **DECLARATION OF ELENA HOWELL, PLAINTIFFS**

22 I, ELENA HOWELL, declare:

23    1. My name is ELENA HOWELL. I am over 18 years of age. I am a resident of

24       San Diego County in the State of California. I am fully competent to make

25       this Declaration and I have personal knowledge of the facts stated in this

26       Declaration. To my knowledge, all of the facts stated in this Declaration are

27       true and correct.

28    2. On the date of the signing of the loan documents, I was not provided with

ORIGINAL

1    two properly filled in Right To Cancel Notice disclosures required by the

2    Truth In Lending Act.

3    3. In fact, me and my son were given only one copy total of the right to rescind

4       notice in connection with the subject loan.

5    4. In addition, the right to rescind notice provided in connection with the

6       subject loan was defective in the date the rescission period expires was left

7       blank.

8    5. I have never been provided with two properly filled in Right To Cancel

9       Notice disclosures required by the Truth In Lending Act.

10   6. On or about May 30, 2008, I had my lawyer send CHASE and US

11      BANCORP a rescission notice electing to rescind the subject loan and which

12      contained a demand under the Truth in Lending Act, and a request for

13      information related to my mortgage balance and payments.

14   7. In this notice, I offered to make arrangements for tender as might be required

15      under TILA, Section 15 U.S.C. § 1635(b).

16   8. CHASE and US BANCORP did not rescind the mortgage within 20 days of

17      the rescission notice and has not rescinded the mortgage to this day.

18   9. On information and belief, CHASE and US BANCORP has a trustee sale set

19      for July 23, 2008 for the subject property.

20   10. Exhibit A is a true and correct copy of the rescission notice and demand letter

21      I had my attorney send the defendants.

22   11. Exhibit B are true and correct copies of the Right To Cancel Notice I

23      received as part of the subject loan transaction and I received no others.

24   I declare under penalty of perjury that the foregoing Declaration is true and correct.

25   I have executed this Declaration on July _14_, 2008 at _San Diego_,

26   California.

27                                    By: _Elena Howell_

28                                         Elena Howell