# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD HOWELL AND ELENA HOWELL,<br><br>           Plaintiffs,<br><br>     v.<br><br>CHASE HOME FINANCE LLC, U.S. BANCORP, AND DOES 1-10,<br><br>           Defendants. | CASE NO. 08cv1282 JLS (LSP)<br><br>**ORDER: DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE** |

On July 17, 2008, Plaintiffs filed a complaint pursuant, in part, to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. and a Motion for Ex parte Temporary Restraining Order, seeking an order to enjoin a foreclosure sale.  Pursuant to 28 U.S.C. § 1331, the court has subject matter jurisdiction over the case, because the action arises under TILA, a federal statute.  For the following reasons, the Court **DENIES** Plaintiffs' motion for a temporary restraining order without prejudice.

A temporary restraining order is an "extraordinary remedy" which should be issued sparingly. C.S. v. Cal. Dep't of Educ., 2008 U.S. Dist. LEXIS 35267, *6-8, 13 (S.D. Cal. Apr. 30, 2008).  A party seeking preliminary injunctive relief, including a TRO, must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in the moving party's favor. Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1119 (9th Cir. 1999).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998).  Furthermore, the moving party must show the threatened irreparable harm is imminent. Sardi's Rest. Corp. v. Sardie, 755 F.2d 719, 725 (9th Cir. 1985); Caribbean Marine Servs., Co. v.

Case 3:08-cv-01282-JLS-LSP    Document 4    Filed 07/21/2008    Page 2 of 2

Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Federal Rule of Civil Procedure 65(b) generally requires notice to the adverse party and Rule 4(l) requires parties to provide proof of service to the court. Plaintiffs have not included a certificate of service and have only provided a statement from counsel stating: "I caused the motion and complaint to go out for filing with the court and service on each of the defendants by personal service." [Nassiri Decl. ¶ 4.] As a result, the Court finds that Plaintiffs have failed to show that Defendants received notice. Further, Plaintiffs' motion does not meet the requirements of Rule 65(b)(1) for issuing a TRO without notice. Accordingly, the Court **DENIES** Plaintiffs' motion for a TRO without prejudice. Plaintiffs may re-file a motion for a temporary restraining order upon satisfying the notice requirements in Rule 65 or Rule 4(l).[1]

IT IS SO ORDERED.

DATED: July 21, 2008

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] See Wherry v. All Cal. Funding, 2006 U.S. Dist. LEXIS 53431, *9 (N.D. Cal. July 20, 2006) ("Here, Plaintiff's attorney neither certified in writing the efforts, if any, which have been made to give notice to [defendant] nor explained why the notice should not be required. Accordingly, if the Court did not deny Plaintiff's TRO Application for the reasons previously discussed, it would have denied the Application against [defendant] on the ground of Plaintiff's failure to serve him."); Costales v. America's Servicing Co., 2008 U.S. Dist. LEXIS 47738, *2-3 (S.D. Cal. June 19, 2008) (denying TRO under TILA in part due to plaintiff's failure to comply with the Rule 65's notice requirements).