# WAIVER OF SERVICE OF SUMMONS

TO: **DAMIAN NASSIRI**
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of

HOWELL v. CHASE , which is case number   08 CV 1282 JLS (LSP)

in the United States District Court for the   SOUTHERN   District of

CALIFORNIA   . I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

8/20/08  , or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.
8/20/08
(DATE)

_____
(SIGNATURE)

Printed/Typed Name: S. CHRISTOPHER YOO

As   Attorney   of   Chase Home Finance LLC
     (TITLE)         (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

::ODMA\PCDOCS\WORDPERFECT\14598\1 May 5, 1999 (11:32am)

# WAIVER OF SERVICE OF SUMMONS

TO: DAMIAN NASSIRI
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, acknowledge receipt of your request that I waive service of a summons in the action of

HOWELL v. CHASE, which is case number 08 CV 1282 JLS (LSP)

in the United States District Court for the SOUTHERN District of

CALIFORNIA. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I an acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I an acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

8/20/08, or within 90 days after that date if the request was sent outside the
(DATE REQUEST WAS SENT)
United States.
8/20/08
(DATE)

_____
(SIGNATURE)

Printed/Typed Name: S. CHRISTOPHER YOO

As Attorney of U.S. BANK, N.A.,
(TITLE)    TRUSTEE FOR BNC
(CORPORATE DEFENDANT) MORTGAGE LOAN
TRUST 2007-1

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action had been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

::ODMA\PCDOCS\WORDPERFECT\14598\1 May 5, 1999 (11:32am)

Re: HOWELL V. CHASE HOME FINANCE, et al.
Case Number: 08CV 1282 JLS (LSP)

## PROOF OF SERVICE
### Code of Civil Procedure §§ 1013a, 2015.5

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action. My business address is 1600 South Douglass Road, First Floor, Anaheim, California 92806. On August 20, 2008, I served the following document(s):

## WAIVER OF SERVICE OF SUMMONS

__XX__ by placing the document(s) listed above in a sealed envelope, addressed asset forth below, and placing the envelope for collection and mailing in the place designated for such in our offices, following ordinary business practices.

_____ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00p.m.

_____ by causing a true copy thereof to be personally delivered to the person(s) at the address (es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 20, 2008 at Anaheim, California.

*Donna Lefevers*
Donna Lefevers

Re: HOWELL V. CHASE HOME FINANCE, et.al

PROOF OF SERVICE - 1

Re: HOWELL V. CHASE HOME FINANCE, et.al
Case Number: 08CV 1282 JLS (LSP)

## SERVICE LIST

### VIA WAIVER OF SERVICE OF SUMMONS

S. Christopher Yoo, Esq.

Adorno, Yoss, Alvarado & Smith, a Professional Corp.

1 MacArthur Place, Suite 200

Santa Ana, California 92707